## Seth Guilinger, Plff. in Err., *v.* D. Zahniser et al.

Where a party, in consideration of deeds to him of land, agrees to pay a certain sum to be applied by the other party in satisfaction of a certain judgment, the former cannot recover of the persons owning the judgment the usury received by them from the other party on the payment of their judgment out of said sum.

A party cannot retain the benefits gained by him from a contract, and at the same time recover back the money paid by him thereon or any part of it.   Until he has restored what he received his attempted rescission is ineffectual. .

(Argued October 14, 1886.   Decided November 1, 1886.)

October Term 1886, No. 179, W. D.   Error to the Common Pleas of Mercer County to review a judgment on a verdict directed for defendants in an action of assumpsit.   Affirmed.

This action was commenced October 1, 1879, by Seth Guilinger against D. Zahniser, William Devoe, and others, to recover, on the ground of usury, the difference between the amount of

NOTE.—As to who may defend for usury, see note to Bonnell's Appeal, 4 Sad. Rep. 7.

certain payments made and the amount defendants were legally entitled to.

The facts are stated in the following charge to the jury in the court below, by MEHARD, P. J.:

"The uncontradicted evidence in this case shows that some years ago E. G. Eberman was the assignee of a certain man named Vitalis Park; that as such assignee he sold the property of Park, which was purchased by the plaintiff in this case, Mr. Guilinger, for $3,300 or $3,350. It also shows that some trouble or dispute arose regarding that sale, and that Mr. Guilinger neglected or refused to pay the amount of his bid; that subsequent to that time, Mr. Eberman issued a fi. fa. upon a judgment in favor of the Sandy Lake Savings Bank, the defendant in this case, against Vitalis Park and Seth Guilinger, the complainant in this case, and sold property purporting to be that of the plain· tiff, and purchased it for the sum of $100.

"It also shows that Mr. Eberman had acquired a certain other outstanding title in order to perfect title to the property sold as assignee of Park to Mr. Guilinger. There are other facts connected with this transaction which it is not necessary to mention in this connection.

"The testimony further shows that the defendant, the Sandy Lake Savings Bank, held a judgment against the plaintiff in this case for a sum of money in the neighborhood, perhaps, of $2,700, and that this judgment was unpaid at the time of these several sales made by Mr. Eberman, to which allusion was made. A dispute existed and a controversy was being carried on between the parties until finally they came together in the office of Messrs. Griffith & Sons, in this town, and there they adjusted their differences. There is some controversy in this case as to whether Mr. Eberman was acting as the attorney of the Sandy Lake Savings Bank at that time, or whether he was acting simply and solely as set forth in this article of agreement which has been given in evidence. However that may be, one fact is testified to by several witnesses, and no sufficient evidence has been adduced to contradict it; and that is, that after their negotiations had been carried on that day for a length of time the parties finally came to an agreement which Mr. Eberman signed, it having been drawn by Mr. Jackson, who was then and there acting as

the attorney for Seth Guilinger.    That agreement is in the fol-
lowing words:

"Memorandum of agreement, made this — day of June, A. D.
1879, between E. G. Eberman and Seth Guilinger, witnesseth:
"Whereas, the said Guilinger has paid to said Eberman the
sum of $4,500, the said Eberman, in consideration thereof, here-
by agrees that he will deliver to said Guilinger two deeds execut-
ed by said Eberman as assignee of Vitalis Park, a bankrupt, for
two pieces or parcels of land in Mercer  county,  purchased by
said Guilinger.    Said Eberman also agrees to assign and trans-
fer to said Guilinger a deed from the sheriff of Mercer county to
said Eberman for a piece of land in the village of  Millbrook,
Mercer county, recorded in sheriff's deed book No. 6, page 285.
"Said Eberman also agrees to deliver to  said  Guilinger  a
certain quitclaim deed from T. H. Davis and wife to said Eber-
man, assignee, and said Guilinger, and to make application, if
necessary, to the United States district court, in order that the
transfer or assignment of said last-mentioned deed to said Guil-
inger may be legal and effective under the order of said court;
said quitclaim deed being for the  Millbrook  property.    Said
Eberman agrees that he will satisfy a judgment in the court of
common pleas of Mercer county, at No. 354, August term, 1877,
in favor of the Sandy Lake Savings Bank, and also satisfy a
certain judgment in said court of common pleas at  No.  321,
April term, 1876, in favor of Simon Fowler, except  costs  in
Mercer and Venango counties on Fowler judgment.   Said $4,-
500 above mentioned is secured to said Eberman by said Guil-
inger through Thomas Gadsby, and is in full of Guilinger's bids
in purchasing the two pieces of land within mentioned from said
Eberman, assignee, and also in full payment for the assignment
of said deed from the sheriff of Mercer county.
"Said Eberman executes this agreement as assignee of Vitalis
Park, bankrupt, and  as  holder  of  within-mentioned  sheriff's
deed.

"Then follows a memorandum of two certain erasures that
were made prior to the execution of this agreement by Mr. Eber-
man.
"[In our view of this agreement Mr. Guilinger undertook to
pay to Mr. Eberman a certain entire sum of money, $4,500, and

in consideration of that sum of money, Mr. Eberman undertook to do a number of things—to convey deeds for property and satisfy certain judgments. But it is not in the power of the court or of the jury, under the evidence, to separate that sum into parcels, and say how much Mr. Guilinger was paying in consideration of the deeds or other benefits which he was getting under the article, and how much he was paying in consideration of the satisfying of the Sandy Lake Savings Bank judgment. The consideration is an entire sum, and if this agreement were entered into by Mr. Guilinger and he took its benefits, then he is bound by its terms, and although the amount of money which Mr. Eberman paid to the Sandy Lake Savings Bank embraced an amount of usurious interest, as claimed on behalf of the plaintiff, nevertheless, the plaintiff cannot, in this suit, recover.

"The agreement has not been signed by Mr. Guilinger, but the uncontradicted evidence in the case is that Mr. Jackson, the attorney for Mr. Guilinger, drew the agreement; that the terms of the agreement were talked over between the parties, and that it was agreed that $4,500 should be paid in consideration of Mr. Eberman doing what he undertook to do in this agreement. Moreover, the evidence shows that Mr. Guilinger was present during the time of this transaction, and that Mr. Jackson, for Mr. Guilinger, accepted the deeds and other benefits of the agreement.

"As that is the uncontradicted evidence in the case, we feel warranted in saying to you that this agreement is Mr. Guilinger's agreement, and therefore he is bound by its terms.

"Then, the remaining question would be whether or not this money was paid by Mr. Eberman in pursuance of this agreement, or whether it was paid to the Sandy Lake Savings Bank by Mr. Guilinger or some other person other than in the relation established between Mr. Eberman and Mr. Guilinger by this agreement. But there is no evidence in the case tending to show that the payment was made otherwise than in consequence of the agreement which has been read in your hearing.

"Therefore, we say to you that under all the evidence in this case, uncontradicted as it is, your verdict ought to be in favor of the defendants]."

A verdict was rendered for defendants, upon which judgment

was entered; and plaintiff took this writ, assigning, *inter alia,* as error the portion of the charge embraced in brackets.

*J. G. White* for plaintiff in error.

*Miller & Gordon,* for defendants in error.—Cited 2 Parsons, Contr. 519.

PER CURIAM:

We agree with the learned judge of the court below, that what was paid by Guilinger to Eberman was paid on the contract of June, 1879, and back of that contract we cannot go to look for usury in the judgment of the savings bank.

No fraud was practised upon Guilinger, and, even if something were included in the contract that he ought not to have paid, he certainly cannot retain the benefits which he gained by that contract, and at the same time recover back the money paid or any part of it. In order to do this he must restore to Eberman, the assignee, what he got from him; but until he does this his attempted rescission, in whole or in part, comes to nothing.

The judgment is affirmed.